UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GO NEW YORK TOURS, INC.,<br><br>                                   Plaintiff,<br><br>               -against-<br><br>GRAY LINE NEW YORK TOURS, INC. and<br>TWIN AMERICA, LLC,<br><br>                                   Defendants. | Civ. No. 17-1413<br><br>**JURY TRIAL DEMAND**<br><br><br><br>**COMPLAINT** |

Plaintiff Go New York Tours, Inc., by its undersigned counsel, hereby alleges, as against defendants Gray Line New York Tours, Inc. and Twin America, LLC, as follows:

## NATURE OF ACTION

1.      Plaintiff Go New York Tours ("Go New York") seeks a declaration that it is not infringing trademark or trade dress rights of defendants Gray Line New York Tours, Inc. ("Gray Line") and Twin America, LLC ("TA") (Gray Line and TA are collectively referred to herein as "Twin America").  Plaintiff Go New York also seeks cancellation of certain of defendants' registered trademarks, a declaration that defendants' alleged common law trade dress protection is invalid and unenforceable, and a declaration that Go New York has not engaged in unfair competition.

## PARTIES

2.      Plaintiff Go New York is a New York corporation with its main offices located at 2 East 42nd Street, New York, New York.

3.      Defendant Gray Line is a New York corporation with its main offices located at 1430 Broadway, New York, New York.

4.      Defendant TA is a Delaware limited liability company registered with the New York State Department of State to do business in New York State, with its main offices located

at 1430 Broadway, New York, New York.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over the subject matter of this trademark declaratory judgment action pursuant to 28 U.S.C. §§ 1331 and 1338, the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. §§ 2201(a) and 2202.

6.     Jurisdiction is proper over defendant Gray Line because it is a New York corporation and maintains its principal offices in New York State.

7.     Jurisdiction is proper over defendant TA because it is registered with the New York State Department of State to do business in New York State and maintains its principal offices in New York State.

8.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(1)-(2) and (c)(2) because each of defendants resides, has its principal offices, and is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to the claims asserted herein occurred, a substantial part of the subject property is situated, in this District.

## BACKGROUND

9.     Go New York operates a fleet of double-decker, "hop on, hop off" tour buses in New York City under the brand name "TopView", in addition to offering other tourists services. Go New York is one of several businesses offering hop on, hop off double-decker bus tours in New York City, which allow tourists to "hop off" the bus at attractions that interest them and then "hop on" another bus operated by the same operator when they are ready to resume their tour.

10.     The terms "hop-on, hop-off", "hop on, hop off", "hop on hop off", and similar

terms are used generically in New York City and in other cities throughout the world to describe this type of bus tour, regardless of who operates a particular bus tour or how it is branded.  Hop on, hop off double-decker tour buses in New York City and elsewhere are typically painted red to distinguish them from other types of buses, again regardless of who operates a particular bus or how it is branded.

11.     Go New York is a relatively new entrant in the New York City hop on, hop off tour bus market.  Go New York began its operations in New York City in 2012 with around five tour buses, and has since increased its fleet to around 30 buses.  Go New York does not presently conduct any tour bus or other business activities outside of the New York City area.

12.     Upon information and belief, defendant Gray Line has been operating hop on, hop off tour buses in New York City since the early 1990s, and dominated that market until around the mid 2000s, when it was challenged by a competitor, CitySights LLC ("CitySights").  Upon further information and belief, Gray Line and its affiliates comprise a worldwide business conglomerate which operates tour buses and offers other tourist services in multiple cities on five continents.

13.     In 2009, Gray Line and CitySights joined forces to form TA as a joint venture, the purpose of which was, upon information and belief, to monopolize the New York City hop on, hop off tour bus market and to enable both companies to charge monopoly prices to their customers.

14.     As alleged in more detail below, in 2012 the federal and New York state governments brought an antitrust action against TA, as a result of which TA and its related entities were ordered to disgorge millions of dollars in improperly gained profits and CitySights was required to give up all or most of its authorized tour bus stops, among other things.

Nevertheless, upon information and belief, TA continued as a joint venture of Gray Line and CitySights and remains the dominant player in the New York City hop on, hop off tour bus market.

**Twin America's**
**Claims and Demands to Go New York**

15.     In around the fall of 2016, Go New York, at significant expense, rebranded its tour buses, wrapping them in bright red with blue and white accents, images of popular New York City tourist attractions, and the brand name "TopView" prominently displayed on the sides, front, and rear of the buses.  Go New York also provided redesigned, red uniforms for its sales representatives.  Previously, Go New York's buses and its sales representatives' uniforms had been green.

16.     By letter dated February 15, 2017, Twin America, through their lawyers, accused Go New York of infringing its trade dress and trademarks, and falsely claimed that Go New York's employees were misrepresenting themselves as Twin America employees, among other alleged wrongdoing.  More specifically, defendants, through their lawyers, claimed that Go New York had improperly engaged in the following purported "Infringing Acts":

1.   Changing the color of your double decker buses from green to red;

2.   Changing the color of your double decker buses in your advertising and promotional material and web content from green to red;

3.   Utilizing graphics on your double decker buses depicting key New York City Skyline and tourist destinations;

4.   Using Twin America's HOP ON HOP OFF trademark on your buses and in your advertising and promotional material;

5.   Changing your ticket sales representatives' identifying attire from green to red;

6.   Removing the GONY logo from your buses;

4

7.  Removing the GONY logo from your ticket sales representatives' attire;

8.  Having your ticket sales representatives use Twin America identification, including expired identification, that includes the Citysightseeing service mark;

9.  Having your ticket sales representatives advise the public that your tickets may be used on Twin America buses;

10. Having your ticket sales representatives represent to the public that they are selling tickets for Twin America buses;

11. Having your ticket sales representatives use Twin America brochures; and

12. Using infringing trade dress and Twin America's protected marks in your advertising and promotional material and web content.

17.     Defendants claimed that the afore-listed "Infringing Acts" violated their rights under federal and state law, as follows:

> The Infringing Acts infringe upon Twin America's trade dress and protected marks; falsely designate the origin of your services; falsely describe your services; dilute the distinctive quality of Twin America's trade dress and marks; misappropriate Twin America's trade dress and marks, and; infringe upon Twin America's property rights, good will and reputation all in violation of Federal and State statutes and common law.

18.     Defendants demanded that Go New York immediately reverse its rebranding, including by removing the color red entirely from Go New York's buses, employees' uniforms, web site, and marketing materials, and that Go New York stop using the generic phrase "Hop On Hop Off" to describe its tour bus services, which they claimed is a registered trademark of Twin America.  More specifically, defendants demanded the following:

> Accordingly, we demand that you and any associated company immediately cease and desist from engaging in the Infringing Acts and that you promptly change the livery of your buses to something that is not confusingly similar (that is not red, does not contain the HOP ON HOP OFF trademark and does not contain the above noted graphics); change the uniforms of your sales representatives (to something that is not red);

remove and destroy all infringing trademarks and trade dress from your advertising and promotional material, web content and any other material utilized by you for any purpose.

19.     Defendants' accusations and demands to Go New York are baseless, and appear intended solely to bully and to intimidate a much smaller but rapidly growing rival in the New York City hop on, hop off bus tour market.   Go New York's double decker tour buses, employees' uniforms, web site, and marketing materials prominently display the names and marks "Go New York Tours" and/or "TopView", and its trade dress is sufficiently distinct from defendants' to avoid confusion with defendants' in the minds of customers.   Go New York does not instruct its sales representatives to misrepresent themselves or Go New York's tours buses as being employed by or affiliated with Twin America, and, upon information and belief, none of them do so.   And, defendants cannot reasonably claim to have the sole legal right to use the phrase "hop on hop off", which has long been used generically in New York City and throughout the world to describe hop on, hop off double decker bus tours.   Nor can defendants reasonably claim to have the sole legal right to use the color red in connection with double decker bus tours, uniforms  of sales personnel and advertising materials.

20.     Nevertheless, defendants' accusations against, and demands to, Go New York have raised the imminent specter of expensive litigation with a much larger rival if Go New York does not accede to defendants' demands and undertake a second rebranding effort within less than a year, which would be expensive and confusing to Go New York's affiliates and customers.   Therefore, Go New York seeks to resolve defendants' accusations so that it can proceed with the conduct and growth of its business.

### The Antitrust Action Against
### Twin America, LLC and Consent Judgment

21.     This is not the first time that TA has improperly attempted to stifle competition in the hop on, hop off tour bus market in New York City.  In 2012, the United States and the State of New York (collectively, the "Government") filed a civil antitrust action against TA and related entities, known as *United States of America and State of New York v. Twin America, LLC, et al.*, S.D.N.Y. 12-CV-8989 (ALC)(GWG) (the "Antitrust Action").   In that action, the Government alleged that TA is actually an "illegal joint venture" between Gray Line's parent company, Coach USA, Inc. ("Coach USA"), and CitySights for the purpose of creating a monopoly which permitted both companies to raise fares.

22.     The Antitrust Action resulted in the entry of a consent judgment dated November 17, 2015 (the "Final Judgment"), pursuant to which (a) TA and its co-defendants disgorged $7.5 million in ill-gained profits to the Government,  (b) CitySights gave up more than 40 bus stop authorizations it had obtained from the New York City Department of Transportation so that they could be redistributed to competing hop on, hop off bus tour companies, and (c) all of the defendants were required to implement an antitrust compliance program and to permit the Government to conduct compliance inspections, among other relief.

23.     In addition, pursuant to the Final Judgment, TA and its co-defendants are prohibited from "acquir[ing] any assets of or any interest, including any financial, security, loan, equity or management interest, in a person providing hop on, hop off bus tours in New York City during the term of this Final Judgment" without advance notice to and approval of the Government.

24.     TA expressly consented to the Final Judgment, and thereby acquiesced to the

Government's use of the phrase "hop-on, hop-off" as a generic adjectival phrase.

25.     Indeed, throughout the many papers filed in the Antitrust Action, the Government as well as TA and its co-defendants liberally used the phrase "hop-on, hop-off" as a generic modifier of tour services, without any specific identification of that phrase with TA or any other person or entity.   For example, in the Government's complaint ("Antitrust Compl."), the Government identified the relevant market as "'hop-on, hop-off' bus tours in New York City" and used the phrase "hop-on, hop-off" at least 45 times as a generic modifier of various nouns and noun phrases including "water tours", "service", "bus tours", "bus service", "bus tour operations", "bus tour business", "bus tour providers", "bus tour operations and assets", without regard to any specific entity.

26.     In addition, of particular relevance herein, the Government explicitly alleged that the plaintiff herein, Go New York, was operating "hop-on, hop-off" bus tours:

> Additionally, in the summer of 2012, a small company named Go New York Tours began operating approximately five hop-on, hop-off buses in New York City.  Like Big Taxi, Go New York's bus fleet is not large enough to offer hop-on, hop-off service at a frequency that competes meaningfully with Twin America's.

Antitrust Compl., at ¶56 (emphasis added).

27.     TA itself used the phrase "hop-on, hop-off" in its own filings without any allegation that the phrase was understood by the public to be associated specifically with Gray Line or TA, as opposed to its competitors.  For example, in the brief filed by TA and its co-defendants less than two years ago in support of their summary judgment motion in the Antitrust Action, they referred to the relevant market as "New York City hop-on, hop-off bus tours", asserted that a competitor, Big Bus Tours, had recently "beg[u]n operating hop-on, hop-off bus tours in New York City", referred to "new entrants operating hop-on, hop-off bus tours", and

asserted "[t]here are currently more companies operating hop-on, hop-off bus tours in New York city than there were in 2008", among many other examples of their generic usage of that phrase. Memorandum of Law in Support of Defendants' Motion for Summary Judgment, 2015 WL 4039018 (S.D.N.Y. June 23, 2015).

<u>**Gray Line's Trademark Registrations**</u>

28.     Notwithstanding that the phrase "hop-on, hop off" has long been used generically to refer to bus tours in New York City and nationwide, Gray Line applied for and obtained two Registered Trademarks for this phrase including (a) U.S. Registration Number 3128506, registered on August 15, 2006 for "Hop On Hop Off", and (b) U.S. Registration Number 3129041 registered on August 15, 2006 for "HOPON HOPOFF".  On August 14, 2012, Gray Line submitted to the United States Patent and Trademark Office ("PTO") Combined Declarations of Incontestability and Use in support of U.S. Registration Numbers 3128506 and 3129041, and on September 4, 2012, the PTO issued Notices that the Declarations of Use and Incontestability meet the requirements of, respectively, Section 8 of the Trademark Act, 15 U.S.C.§1058, and Section 15 of the Trademark Act, 15 U.S.C.§ 1965.

29.     An actual justiciable controversy presently exists over whether plaintiff Go New York is infringing Twin America's registered and common law trademarks, common law trade dress, and otherwise engaging in unfair competition,

**FIRST CLAIM FOR RELIEF**
**(Declaration of Non-Infringement**
**of Trademark and Trade Dress Rights)**

30.     Plaintiff repeats, realleges, and reincorporates the allegations of paragraphs 1 through 29 as if set forth in their entirety herein.

31.     Twin America has created an actual justiciable controversy by making credible threats of asserting trademark and trade dress infringement claims against Go New York, by demanding that it stop using Twin America's "Hop On Hop Off" and "HOPON HOPOFF" trademarks, by demanding that it stop using Twin America's alleged red trade dress, and otherwise demanding that Go New York cease using Twin America's registered trademarks and common law trade dress or otherwise engage in unfair competition.

32.     No marketplace or consumer confusion is likely if Go New York continues to use the phrases "Hop On Hop Off" and "HOPON HOPOFF" and the color red on its buses, on the uniforms of its employees, and on its marketing and advertising materials. Go New York prominently displays the Names "Go New York" and/or "TopView on all of its buses, on or in connection with the uniforms of its employees, and in all of its marketing and advertising materials. The décor and design on the outside of plaintiff's buses is distinctive and substantially different from the décor and design on Twin America's buses.

33.     Go New York's website and marketing materials are distinctive and substantially different in appearance and substance, and the use by GO New York of the color web and the generic phrases "Hop On Hop Off" and "HOPON HOPOFF" is unlikely to lead to any actual or potential consumer confusion.

34.     Based on the foregoing, there is no likelihood of consumer confusion between Go New York and Twin America.

35.     Therefore, Go New York is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any of Defendants' trademark rights, either directly or by inducing others to infringe or by contributing to infringement by others.

### SECOND CLAIM FOR RELEIF
#### (Cancellation of Trademark Registrations
#### Pursuant to 15 USC §§ 1119, 1064(3))

36.     Plaintiff repeats, realleges, and reincorporates the allegations of paragraphs 1 through 35 as if set forth in their entirety herein.

37.     The phrases "Hop On Hop Off" and "HOPON HOPOFF" have become generic in New York City and nationwide within the tour bus industry and for consumers of bus tours.

38.     In connection with the Antitrust Action, Twin America consented to the Final Judgment and in so doing, admitted that the phrases "Hop On Hop Off" and "HOPON HOPOFF" have become generic, adjectival phrases within the tour bus industry and among consumes.

39.     In the Antitrust Action, Twin America repeatedly used the phrase "Hop On Hop Off" as a generic modifier of bus tour services in numerous papers submitted on behalf of Twin America by its legal counsel, and used this phrase without the ® symbol associated with trademarks registered before the PTO.  In so doing, Twin America and its counsel admitted that the phrases "Hop On Hop Off" and "HOPON HOPOFF" have become generic.

40.     In addition to Go New York and Twin America, numerous other competitors in the tour bus industry in New York and nationwide use the phrases "Hop On Hop Off" and "HOPON HOPOFF" to describe the nature of the tour bus services and these phrases have become generic.

41.     The phrases "Hop On Hop Off" and "HOPON HOPOFF" refer to functional services provided by Go New York, Twin America, and other competitors within the tour bus industry; namely tour buses that make regular stops at scheduled attractions during regular business hours and allow customers to "hop off" a bus at bus stops adjacent to desired

attractions, and then "hop on" another bus at the same bus stop so as to continue the tour to allow visits to other attractions throughout the day.

42.     The phrases "Hop On Hop Off" and "HOPON HOPOFF" are functional because they affect the purpose, action and performance of the products and services provided by Go New York, Twin America and other competitors within the bus tour industry. Free and fair competition within the tour bus industry requires that competitors be permitted to use these generic phrases which describe the functional services they provide to their customers.

43.     Because the phrases "Hop On Hop Off" and "HOPON HOPOFF" have become generic and functional, this Court should order the cancellation of Twin America's Trademark Registrations Numbers 3128506 and 3129041.

### THIRD CLAIM FOR RELIEF
#### (Declaratory Judgment of No Unfair Competition, False Designation of Origin, or Dilution)

44.     Plaintiff repeats, realleges and reincorporates the allegations of paragraphs 1 through 43 as if set forth in their entirety herein.

45.     Twin America has created an actual justiciable controversy by making credible threats of asserting unfair competition, false designation of origin, and dilution claims against Go New York with regard to Go New York's use of the phrases "Hop On Hop Off" and "HOPON HOPOFF" and the color red on its tour buses, in the uniforms of its employees, and in its marketing and advertising competition, among other things.

46.     The aforesaid does not constitute unfair competition, false designation of origin, or dilution under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; New York General Business Law § 349; New York common law, or any other applicable law.

47.     Therefore, Go New York is entitled to a declaratory judgment that has not engaged in unfair competition, false designation of origin, or dilution with respect to defendants.

**WHEREFORE,** plaintiff Go New York Tours, Inc. demands Judgment in its favor and against defendants Twin America, LLC and Gray Line New York Tours, Inc., as follows:

A.     Declaring that Go New York has not infringed any valid and enforceable trademark or trade dress right owned by defendants.

B.     Cancelling Defendant's 3128506 and 3129041 Trademark Registrations in their entirety;

C.     Declaring that Go New York has not engaged in unfair competition, false designation of origin, or dilution with respect to defendants;

D.     Awarding Go New York its attorneys' fees, costs and expenses incurred in connection with this action; and

E.     Granting such other and further relief as the Court deems just and proper.

Plaintiff hereby demands a trial by jury on all issues involved herein.

Dated: New York, New York
        February 24, 2017

**BARTON LLP**

By: _____
        Maurice Ross (MR 6852)
        Randall L. Rasey (RR 2973)

        420 Lexington Avenue, 18th Floor
        New York, NY 10170
        (212) 687-6262
        mross@bartonesq.com
        rrasey@bartonesq.com

        *Attorneys for Plaintiff*
        *Go New York Tours, Inc.*